# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2491

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Eric L. Mack, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: February 21, 2012

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

After Eric Mack violated the terms of his supervised release, the District Court[1] revoked Mack's release and sentenced him to eighteen months in prison followed by twelve months of supervised release. The court imposed several special conditions of supervised release, two of which Mack appeals. We affirm.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

In general, a district court has wide discretion to impose special conditions of supervised release as long as those conditions are reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the deterrence of criminal conduct, the protection of the public from any future crimes of the defendant, and the defendant's correctional needs; the conditions do not involve a deprivation of liberty that is greater than reasonably necessary to deter criminal conduct, protect the public, and promote the defendant's correctional needs; and the conditions are consistent with any pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(d); United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007). A special condition must be tailored to achieve these purposes, and it must be supported by individualized findings about its appropriateness for a particular defendant. See United States v. Bender, 566 F.3d 748, 752 (8th Cir. 2009). But even if a district court fails to make the requisite individualized findings, we need not vacate a special condition "if the basis for the imposed condition can be discerned from the record." United States v. Thompson, 653 F.3d 688, 694 (8th Cir. 2011).

Mack first argues that the District Court abused its discretion by imposing Special Condition 2, which prohibits Mack from "consum[ing] or possess[ing] alcoholic beverages or beer" or entering "any establishment where alcoholic beverages are the primary items for sale." Judgment at 4. We have generally upheld bans on alcohol consumption for defendants with substance-abuse problems, but when such a ban is not supported by the defendant's history or crime of conviction, we have reversed. See, e.g., United States v. Simons, 614 F.3d 475, 480 (8th Cir. 2010) (collecting cases). Here, the District Court judge who presided over Mack's revocation hearing also presided over the proceedings for his underlying drug offense, and the court was well aware of Mack's criminal history. Mack's 2001 Presentence Investigation Report (PSR) indicated that he had three prior convictions for DUI offenses, that he had used alcohol "almost daily" since the age of twenty, and that he was a confessed alcoholic. PSR ¶ 63. When Mack was arrested for the most recent violation of his supervised release, he admitted to officers that he had used

crack a few days earlier, and the PSR noted that Mack "'snorted' powder cocaine an average of two times monthly until his arrest." Id. ¶ 65. At Mack's revocation hearing, the District Court explained the need for a complete alcohol ban by noting, "[Y]ou've used drugs in the past. And my experience has been, somebody gets to drinking and they lose their ability to resist the temptation to go on to drugs. That's why I want it in there." Revocation Hr'g Tr. at 11. The record shows that a complete ban on alcohol consumption was appropriate in light of Mack's admitted alcoholism, his drug history, and his overall criminal history—including his three DUI convictions and ongoing drug use. The court did not abuse its discretion by imposing a complete ban on alcohol in these circumstances. See United States v. Forde, 664 F.3d 1219, 1223 (8th Cir. 2012) (upholding ban on alcohol consumption because threat of cross-addiction to drug-dependent defendant was not pure speculation).

Mack next argues that the District Court abused its discretion by imposing Special Condition 4, which requires that Mack "be at his place of residence between the hours of 10:00 p.m. and 6:00 a.m., 7 days per week, unless his work schedule requires him to be at work past 10:00 p.m." J. of June 24, 2011, at 4. The court advised Mack that in its experience, most defendants who "violate supervised release do it after 10:00 p.m." and stated, "I don't want you out socializing or doing anything past 10:00 p.m." Revocation Hr'g Tr. at 11. We have upheld the imposition of a curfew if it is reasonably related to the protection of the public, the rehabilitation and effective correctional treatment of the defendant, and the deterrence of future crimes by the defendant. See United States v. Asalati, 615 F.3d 1001, 1007–08 (8th Cir. 2010). Here, the PSR indicated that Mack's arrest for his second DUI offense occurred at 2:30 a.m., after Mack was stopped for speeding, and his third DUI arrest occurred at 1:22 a.m. PSR ¶¶ 48, 49. Because Mack's criminal history supports imposition of a curfew and the curfew is reasonably related to the protection of the public and Mack's rehabilitative and correctional needs, the District Court did not abuse its discretion by imposing this condition.

For the foregoing reasons, we affirm the judgment of the District Court.

_____