# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3588

_____

United States of America

*Plaintiff - Appellee*

v.

David Allen (Allan) Bell, also known as David Allen Bell, also known as Donte Borae

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 15, 2018
Filed: February 12, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

David Bell appeals the district court's imposition of special conditions of supervised release prohibiting the consumption of alcohol and setting a curfew. We reverse and vacate those conditions.

Under a binding plea agreement, Bell pleaded guilty to conspiracy to distribute marijuana and conspiracy to commit money laundering. The plea agreement included a waiver of appellate and post-conviction rights. As relevant here, Bell "expressly waive[d] the right to appeal any sentence, directly or collaterally, on any ground *except . . .* (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) an illegal sentence, or; (4) that the Court imposed a sentence *other than* the one set out in this binding plea agreement." The plea agreement defined an illegal sentence as "a sentence imposed in excess of the statutory maximum or different from that set out in this binding plea agreement" but "*not* a misapplication of the Sentencing Guidelines or an abuse of discretion." The plea agreement provided for a sentence of 15 months' imprisonment and 3 years' supervised release.

A presentence investigation report was also prepared. It stated that Bell "consumes alcohol occasionally, primarily on weekends." It also noted that Bell first used marijuana in high school and eventually began using it "regularly." Neither Bell nor the Government objected to the facts contained in the presentence investigation report.

After the district court confirmed that the plea agreement and appellate waiver were knowing and voluntary, Bell was sentenced to 15 months' imprisonment and 3 years' supervised release. The district court also imposed special conditions of supervised release that were not described in the plea agreement. Special Condition No. 4 requires that Bell "not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and [that he] shall not be present in any establishment where alcoholic beverages are the primary items for sale." Special Condition No. 5 requires Bell to be at his "place of residence between the hours of 10:00 p.m. and 6:00 a.m., 7 days per week," unless his work schedule requires otherwise.

According to the court, the alcohol ban was necessary because "I've had too many defendants that go out and get to drinking, then they get intoxicated and then they go out and violate their supervised release." The court pointed to similar justifications in imposing the curfew:

> And the same reason I put that curfew on there. . . . [T]hey violate their probation, they're out usually past midnight. They're out on the prowl, and they get into trouble. They get drinking, then they're out prowling the streets. Now, there's no indication you do that. But I'm going to leave it on there because I'm not even going to give you the chance to be tempted by it.

Bell timely appealed the imposition of these conditions.

We must first consider whether the appellate waiver prevents Bell from challenging the two special conditions of supervised release.[1] We review the validity of an appellate waiver *de novo*. *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017). Ordinarily, plea agreements "will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc). "[T]he burden of proof is on the Government to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal." *Id.* But Bell's plea agreement proposed a different standard. It provided that "in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement." We need not decide whether the parties can contract around our case law construing ambiguities against the Government. Giving the words their "normal

---

[1]In a separate *pro se* brief, Bell also invokes ineffective assistance of counsel and challenges subject-matter jurisdiction and venue. We decline to address the ineffective assistance of counsel claim on direct appeal. *See United States v. Cooke*, 853 F.3d 464, 475 (8th Cir. 2017). And as Bell's counsel acknowledged, the other claims are without merit.

and ordinary meanings," as the plea agreement itself demands, we conclude that the waiver does not prevent Bell from challenging the special conditions of supervised release.

The plea agreement expressly stated that Bell may appeal a sentence "*other than* the one set out in this binding plea agreement." While the plea agreement provided for a sentence of 15 months' imprisonment and 3 years' supervised release, it did not describe any special conditions of supervised release. According to *Andis*, special conditions of supervised release are part of a sentence. 333 F.3d at 892 n.7; *see also* 18 U.S.C. § 3583(a) (stating that courts may include a term of supervised release "as a part of the sentence"). We therefore find that Bell is appealing a sentence other than the one provided for in the plea agreement. In response, the Government points to the additional language stating that Bell cannot appeal "a misapplication of the Sentencing Guidelines or an abuse of discretion." Because we ordinarily review a sentencing court's imposition of conditions of supervised release for an abuse of discretion, the Government contends that the waiver blocks Bell's appeal here. But this language defines an illegal sentence, the third category of exceptions to the appellate waiver. The definition does not purport to limit the fourth category: "that the Court imposed a sentence *other than* the one set out in this binding plea agreement." The special conditions are part of Bell's sentence but were not set out in the plea agreement. They therefore meet the "other than" exception and do not fall within the scope of the waiver.

Because Bell objected at sentencing to Special Condition No. 4 imposing an alcohol ban, we review its imposition for abuse of discretion. *See United States v. Forde*, 664 F.3d 1219, 1222 (8th Cir. 2012). While the district court's discretion is broad, it is not absolute. *Id.* The conditions must 1) be "reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) [be] consistent with any pertinent policy statements issued by the

-4-

Sentencing Commission." *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011). Moreover, the sentencing court "must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *Id.* (internal quotation marks omitted). The court "may not impose a special condition on all those found guilty of a particular offense." *Id.* But a special condition need not be vacated if its basis can be discerned from the record, even in the absence of individualized findings. *United States v. Deatherage*, 682 F.3d 755, 758 (8th Cir. 2012).

"We have repeatedly affirmed total bans on alcohol consumption when *either* the defendant's history and characteristics *or* the crime of conviction supported the restriction." *United States v. Robertson*, 709 F.3d 741, 748 (8th Cir. 2013). We have also held that a history of drug abuse can support a condition prohibiting the consumption of alcohol because it is "within the district court's discretion to recognize the threat of cross addiction and respond by imposing the ban on alcohol use." *See Forde*, 664 F.3d at 1224; *see also* U.S.S.G. § 5D1.3(d)(4) (recommending such conditions for defendants who abuse drugs or alcohol). But we have vacated complete bans on alcohol "where the defendant's history or crime of conviction" did not support them. *United States v. Walters*, 643 F.3d 1077, 1080 (8th Cir. 2011). In particular, we have refused to treat the distribution of drugs as a crime of conviction that in itself justifies banning alcohol. *See Forde*, 664 F.3d at 1222-23. Likewise, we have held that the threat of cross addiction justifies a total prohibition on alcohol only where the defendant is truly drug dependent, and we have explained that even repeated marijuana use and light alcohol consumption are not necessarily sufficient to establish dependency, which exists when "a person is psychologically or physiologically reliant on a substance." *United States v. Woodall*, 782 F.3d 383, 387 (8th Cir. 2015) (per curiam).

Applying these principles here, we conclude that the sentencing court abused its discretion in imposing the condition prohibiting Bell from any consumption of alcohol and from frequenting establishments where it is the primary item for sale. Rather than conducting an individualized inquiry into the circumstances of Bell's alcohol use and drug dependence, the district court cited its general experience with prior offenders. In fact, the court admitted that "there's no indication you do that [drinking and prowling the streets]." Moreover, the court made no finding that Bell is drug dependent and susceptible to cross addiction to alcohol. *See Walters*, 643 F.3d at 1080. While the presentence investigation report did indicate that he used marijuana "regularly," it did not specify how frequently he used it. We have held that consumption of one or two beers each month and use of marijuana once every other month did not amount to drug dependence, and the record does not show that Bell's regular use of marijuana and occasional consumption of alcohol resulted in dependence. *See Woodall*, 782 F.3d at 387. And while officers found hundreds of marijuana plants in the basement of the residence where Bell was arrested, this evidence could relate primarily to his effort to make money by distributing marijuana and was not used to make any findings concerning his own addiction. *See Forde*, 664 F.3d at 1222-23 (explaining that a conviction for distributing drugs does not necessarily justify an alcohol ban). Given the sentencing court's lack of findings particular to Bell and its express reliance on the general characteristics of other offenders, we vacate the special condition prohibiting him from consuming any alcohol or visiting establishments where it is served.

We conclude that the sentencing court also abused its discretion in imposing the curfew. Rather than making individualized findings, the court referenced its general experience with offenders and admitted that there was "no indication" this experience pertained to Bell. *See Wiedower*, 634 F.3d at 493 (requiring individualized findings). We also do not see a reasonable probability that the court would have imposed the condition after an individualized assessment. *See* U.S.S.G. § 5D1.3(e)(5) (suggesting that a "curfew may be imposed if the court concludes that

restricting the defendant to his place of residence during evening and nighttime hours is necessary to protect the public from crimes that the defendant might commit during those hours, or to assist in the rehabilitation of the defendant"). The presentence investigation report did indicate that Bell met a coconspirator at a nightclub, but it otherwise is unclear how the curfew is reasonably related to the protection of the public or Bell's criminal history and rehabilitative and correctional needs given that the conspiracy involved distributing marijuana through the mail and laundering the proceeds. Bell's case bears little resemblance to those in which we have upheld curfews. *See, e.g.*, United *States v. Asalati*, 615 F.3d 1001, 1008 (8th Cir. 2010) (upholding a curfew condition for a defendant who "demonstrate[d] a continued and escalating inability to operate within the confines of the law" and committed several crimes while on supervised release); *United States v. Mack*, 455 F. App'x 714, 716 (8th Cir. 2012) (per curiam) (upholding a curfew for a defendant who repeatedly had been arrested for driving under the influence after midnight).

For the foregoing reasons, we vacate Special Condition No. 4, which prohibits Bell from consuming alcohol or frequenting establishments where alcoholic beverages are the primary items for sale, and Special Condition No. 5, which imposes a curfew upon Bell.

_____