# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3375
_____

United States of America

*Plaintiff - Appellee*

v.

Kison Robertson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: October 18, 2019
Filed: January 23, 2020
_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Kison Robertson appeals his conviction and sentence for assault with a dangerous weapon, 18 U.S.C. §§ 113(a)(3), 1152, assault resulting in serious bodily injury, 18 U.S.C. §§ 113(a)(6), 1152, and discharge of a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). Robertson challenges two of the district court's evidentiary rulings, its denial of a requested jury instruction, and its imposition of three supervised release conditions. We affirm

the evidentiary rulings, the denial of the proposed instruction, and two of the supervised release conditions. We vacate and remand to the district court the condition prohibiting Robertson from consuming alcohol or visiting establishments that primarily serve alcohol.

## I.

On March 30, 2017, Robertson, Urva Quick Bear, Sr., and Urva Quick Bear, Jr. entered into a physical altercation at Evergreen Housing in Porcupine, South Dakota. The altercation ended, and Robertson left the scene in his vehicle while the Quick Bears remained. Robertson admitted he then drove back to the scene within a matter of minutes. Multiple witnesses testified that Robertson returned with a gun and fired two shots, one in the direction of Quick Bear, Jr. and one in the direction of Quick Bear, Sr., hitting Quick Bear, Sr. in the abdomen. Robertson admitted that he fired the shots but asserted he only intended to scare the Quick Bears away and protect himself.

A grand jury indicted Robertson. The jury convicted him of one count each of assault with a dangerous weapon, assault resulting in serious bodily injury, and discharge of a firearm during the commission of a crime of violence. The district court calculated a total offense level of 24, a criminal history category of VI, and an advisory sentencing guidelines range of 77 to 96 months for the assault offenses, plus a mandatory 10-year-minimum consecutive sentence for the firearm-discharge offense. The district court sentenced Robertson to 197 months' imprisonment and 3 years' supervised release. The district court also imposed several supervised release conditions, including three special conditions that were recommended in the presentence investigation report. Robertson did not object to any of the conditions before or during the sentencing hearing.

Robertson appeals his conviction on the grounds that the district court abused its discretion by admitting certain evidence at trial and denying his proposed jury

instruction.  He also argues the court improperly imposed three supervised release conditions.

## II.

First, Robertson argues that the district court improperly admitted an anonymous 911 call from the scene of the altercation that contained a statement identifying Robertson as "the same one that shot his gun over here last month." Robertson argues that this evidence violated the Confrontation Clause of the United States Constitution and that it should have been excluded under Federal Rule of Evidence 403.  We review denials of confrontation clause objections *de novo*, *United States v. Lee*, 374 F.3d 637, 643-44 (8th Cir. 2004), and review challenges under Rule 403 for an abuse of discretion, *United States v. Guzman*, 926 F.3d 991, 999 (8th Cir. 2019).

The Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant.  *Crawford v. Washington*, 541 U.S. 36, 59 (2004).  We have held that 911 calls are admissible as nontestimonial statements when they are "excited utterances."  *See United States v. Brun*, 416 F.3d 703, 707 (8th Cir. 2005); *United States v. Phelps*, 168 F.3d 1048, 1054-55 (8th Cir. 1999).  An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Phelps*, 168 F.3d at 1054 (quoting Fed. R. Evid. 803(2)).  We also have held that 911 calls that are made to "enable police to identify and apprehend an armed, threatening individual . . . [are] not testimonial in nature and thus d[o] not implicate the Confrontation Clause."  *United States v. Mitchell*, 726 F. App'x 498, 502 (8th Cir. 2018) (*per curiam*).

We hold that the admission of the challenged 911 call here did not violate Robertson's confrontation right because the call was not testimonial in nature.  The statements on the call were excited utterances made "under the stress of excitement"

caused by the "startling event" of the shooting involving Robertson and the Quick Bears. *See Phelps*, 168 F.3d at 1054; *Brun*, 416 F.3d at 708 (noting that statements were "unstructured" and "not the product of police interrogation" in determining they were excited utterances). The 911 caller breathlessly described the shooting by saying Robertson "just now shot at Urva" and pleaded with the dispatcher, saying "Hurry, hurry! He's going to come back with a gun!" Moreover, the statement that describes Robertson as the "same one who shot his gun over here last month," was intended to help police "identify and apprehend an armed, threatening individual." *See Mitchell*, 726 F. App'x at 502. For these reasons, the challenged 911 was a nontestimonial statement that does not implicate the Confrontation Clause.

We also hold the district court did not abuse its discretion in admitting this call over Robertson's Rule 403 objection. *See Guzman*, 926 F.3d at 999. Rule 403 provides that a district court may exclude evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice" or by considerations of whether counsel is "needlessly presenting cumulative evidence." Fed. R. Evid. 403. Robertson argues that the probative value of the challenged 911 call was substantially outweighed by its potential for prejudice and was needlessly cumulative.

We conclude that the district court did not abuse its discretion in deciding that the probative value of the challenged 911 call was not substantially outweighed by the risk of unfair prejudice stemming from the description of Robertson as "the same one that shot his gun over here last month." The challenged 911 call is the only one of five admitted 911 calls that named Urva Quick Bear, Sr. as the person at which Robertson was shooting. In addition, the call is significant in that it describes Robertson as shooting "at Urva," which was probative of Robertson's intent to shoot Urva Quick Bear, Sr., and not merely warn him, as Robertson testified was his intent. *See Phelps*, 168 F.3d at 1058 (noting that evidence had "significant probative value" when it showed defendant's intentional hostility toward the alleged victim). Although the call also referenced a prior bad act committed by Robertson, neither party claims that this statement was highlighted or even discussed during trial. *See*

-4-

*United States v. Halk*, 634 F.3d 482, 488 (8th Cir. 2011) (finding that evidence of a defendant's previous firearms offenses was not unfairly prejudicial when the court limited references to them during trial). In weighing the probative value of evidence against the dangers of unfair prejudice, "the general rule is that the balance should be struck in favor of admission." *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980). Despite the risk of prejudice in admitting the statement regarding the shooting "last month," we do not find that the district court abused its broad discretion in determining this risk did not substantially outweigh the call's probative value. *See Halk*, 634 F.3d at 487 ("We review the court's decision to admit such [404(b)] evidence for an abuse of discretion, and will reverse only when the evidence clearly had no bearing on the case . . . .").

Robertson also argues that the challenged 911 call should have been excluded under Rule 403 because it was needlessly cumulative. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence" and its contribution to the truth "would be outweighed by its contribution to the length of the trial, with all the potential for confusion . . . that a long trial creates." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996); *cf. United States v. Harris-Thompson*, 751 F.3d 590, 601-02 (8th Cir. 2014) (concluding that the district court did not abuse its discretion when it excluded as cumulative a lengthy, forty-five-minute video). The 911 call here had probative value, as discussed above, and to the extent any evidence it contained was cumulative, the call was less than two minutes in length and therefore did not greatly lengthen the trial or burden the jury. Therefore, the district court did not abuse its discretion in admitting it into evidence.

Second, Robertson argues that testimony that Quick Bear, Sr. owed Robertson twenty dollars for marijuana should also have been excluded under Rule 403. The Government responds that Quick Bear, Sr.'s testimony about this debt was admissible as part of the *res gestae* of the crime because it supplied a possible reason for the initial physical altercation. *Res gestae*, "also known as intrinsic evidence, is evidence of wrongful conduct other than the conduct at issue . . . offered for the purpose of providing the context in which the charged crime occurred." *United*

*States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014) (internal quotation marks omitted); *see United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (stating that Federal Rule of Evidence 404(b) forbidding evidence relating to other wrongful conduct by a defendant does not apply to intrinsic evidence).

We agree with the district court that any prejudice stemming from the reference to marijuana did not substantially outweigh the value of the testimony as part of the *res gestae* of the crime. The Government's questioning related to the marijuana debt was brief and served to provide context for the circumstances leading up to the assaults Robertson committed. We have similarly upheld evidence that discussed previous wrongful conduct by defendants in order to "provide a total picture of the charged crime." *United States v. Tyerman*, 701 F.3d 552, 562 (8th Cir. 2012) (internal quotation marks omitted). Although a risk of prejudice exists when allowing references to a defendant's prior bad acts, *see* Fed. R. Evid. 404 advisory committee notes (1972) (Note to Subdivision (a)), we do not find the district court clearly abused its discretion by allowing this evidence given its probative value to explain the reason for the conflict between Robertson and the Quick Bears. *See United States v. Rabins*, 63 F.3d 721, 726 (8th Cir. 1995) ("We accord great deference to the [d]istrict [c]ourt's application of the Rule 403 balancing test . . . .").

## III.

Robertson also argues the district court should have given a limiting instruction to the jury regarding the prosecutor's cross-examination that established Robertson was not permitted to possess firearms at the time of the shooting.[1]

---

[1]A heading in Robertson's table of contents states that he appeals the admission of "firearm possession testimony at trial," but his argument only discusses the court's improper refusal to give a limiting instruction to the jury regarding that testimony. Because Robertson failed to support his challenge to the admission of the firearm possession testimony with any argument, reasoning, or citation to authority, we consider that challenge waived. *See United States v. Howard*, 532 F.3d 755, 760 (8th Cir. 2008).

Robertson requested that the court give an instruction stating, "Simply because a Defendant is not permitted to be in possession of a firearm does not mean he is necessarily guilty of violating a statute prohibiting possession of a firearm if he should come into control of the firearm for purposes of self-defense." We review a court's refusal to give a defendant's proposed instruction for an abuse of discretion. *United States v. Jewell*, 614 F.3d 911, 927 (8th Cir. 2010).

The district court rejected the requested instruction on the grounds that its Preliminary Instruction No. 1 sufficiently instructed the jury that Robertson was on trial only for the offenses charged in the superseding indictment. We have upheld refusals to give requested jury instructions when, "even assuming [the] requested instructions were accurate statements of the law . . . , the jury instructions given by the district court correctly and adequately stated the *applicable* law." *Jewell*, 614 F.3d at 927 (emphasis added); *see United States v. Anderson*, 533 F.3d 623, 632 (8th Cir. 2008) (indicating a defendant is not entitled to a "particularly worded instruction" so long as the instructions as a whole correctly state the law). Robertson was not charged with unlawful possession of a firearm, making its requested instruction irrelevant. Therefore, the district court did not abuse its discretion in denying the requested instruction.

**IV.**

Finally, we address Robertson's claim that the district court improperly imposed three supervised release conditions at sentencing. Robertson challenges two of the special conditions on constitutional grounds, which we would normally review *de novo*. *See United States v. Washington*, 893 F.3d 1076, 1081 (8th Cir. 2018). But we review for plain error when a defendant fails to timely and specifically object to such conditions at sentencing. *United States v. Simons*, 614 F.3d 475, 478 (8th Cir. 2010). At Robertson's sentencing, his attorney vaguely objected to the "sentence" under 18 U.S.C. § 3553 and the Constitution. But he did not explicitly object to any condition of supervised release. We therefore review Robertson's challenges to the supervised release conditions for plain error. *See*

*Simons*, 614 F.3d at 479 (holding that plain error review applied when an attorney "presented only a general objection to the special conditions"). "To qualify for relief under this standard, the appellant must show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wisecarver*, 644 F.3d 764, 775 (8th Cir. 2011).

Robertson argues that the district court improperly imposed three conditions requiring him to: (1) submit a sample of his blood, breath, or bodily fluids at the discretion of the probation office; (2) inform a person of a risk he poses to them, if his probation officer determines he poses a risk to that person; and (3) refrain from consuming alcohol or frequenting establishments whose primary business is selling alcoholic beverages. We hold that the district court did not plainly err in imposing the blood and risk conditions, but we find plain error with respect to the alcohol condition.

First, Robertson argues that both the blood and risk conditions are unconstitutional delegations of judicial authority to a probation officer because they allow the officer to determine whether he poses a risk to any person, order him to notify such persons of the risk, and command the production of his bodily fluids. We have held a special condition of supervised release is an impermissible delegation of authority "only where the district court gives an affirmative indication that it will not retain ultimate authority over all of the conditions of supervised release." *United States v. Thompson*, 653 F.3d 688, 693 (8th Cir. 2011) (internal quotation marks omitted). Robertson points to nothing in the record to show the district court disclaimed ultimate authority over Robertson's supervision. The court made no affirmative indication it was doing so. Thus, the risk and blood conditions were not unconstitutional delegations of authority.

Second, the district court did not plainly err in holding that the risk condition was not unconstitutionally vague. We have held that a term in a supervised release condition is "not unconstitutionally vague [when] its scope can be ascertained with

sufficient ease." *United States v. Key*, 832 F.3d 837, 840 (8th Cir. 2016) (quoting *Smith v. United States*, 431 U.S. 291, 309 (1977)). Robertson asserts this condition is vague because the term "risk" is undefined by statute and has wide-ranging meanings. But the condition states that Robertson's probation officer will determine whether Robertson poses a risk to a particular person, and only then may he require Robertson to notify that person of the particular risk. Thus, the "scope of this condition can be ascertained with sufficient ease," *Key*, 832 F.3d at 840, because the probation officer will identify and communicate the risk to Robertson before Robertson has a duty to inform another person of that risk, *see United States v. Hull*, 893 F.3d 1221, 1223-34 (10th Cir. 2018) (upholding a similar condition of supervised release). Moreover, if there is genuine confusion about what the condition requires, Robertson "may ask questions of his probation officer, who is statutorily required to instruct [him] . . . as to the conditions specified by the sentencing court." *United States v. Forde*, 664 F.3d 1219, 1224 (8th Cir. 2012) (internal quotation marks omitted). Although this is a close question and some circuits have refused to uphold similar risk conditions, *see United States v. Evans*, 883 F.3d 1154, 1163-64 (9th Cir. 2018), the fact that this is a close question means that the error is not plain. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that "plain" in plain error standard is synonymous with "clear or "obvious").

Lastly, Robertson asserts that the supervised released condition banning him from consuming alcohol and frequenting establishments that primarily serve alcohol is unsupported by the record because there is no evidence that the offense involved alcohol or that Robertson ever had problems related to alcohol. The relevant precedent here also dictates that "a history of drug abuse can support a condition prohibiting the consumption of alcohol" but "only where the defendant is truly drug dependent." *United States v. Bell*, 915 F.3d 574, 577 (8th Cir. 2019). "[R]epeated [drug] use and light alcohol consumption are not necessarily sufficient to establish dependency, which exists when a person is psychologically or physiologically reliant on a substance." *Bell*, 915 F.3d at 577 (internal quotation marks omitted).

We have also held that when there is "a complete lack of explanation for imposition of [a] condition, the error . . . substantially affects the fairness, integrity, or public reputation of judicial proceedings." *Wisecarver*, 644 F.3d at 776.

We find that the district court plainly erred in imposing Robertson's alcohol condition because the district court did not explain its basis for the condition, Robertson's offense did not involve alcohol, and the record does not show that Robertson was alcohol or drug dependent. *See Wisecarver*, 644 F.3d at 775-76 (finding that imposition of an alcohol-related supervised release condition was plain error when the defendant had not previously had alcohol problems and the district court "gave no explanation . . . when it imposed the conditions"). The only mention of alcohol in the record involved Robertson consuming alcohol on New Year's Day in 2017, approximately three months before the offense. In addition, although Robertson has a history of drug convictions as recent as 2009, the district court did not make individualized findings about his drug use. *See Bell*, 915 F.3d at 578. (vacating an alcohol condition when the district court did not make individualized findings and noting that a previous drug conviction did not show drug dependence). Thus, due to the district court's lack of explanation for this condition and the lack of evidence that Robertson was drug dependent, the error "substantially affect[ed] the fairness, integrity, or public reputation of the judicial proceedings," and Robertson is entitled to "plain error relief." *See Wisecarver*, 644 F.3d at 776.

## V.

For the foregoing reasons, we affirm the district court's evidentiary rulings and refusal to give the limiting instruction, as well as its imposition of the blood and risk supervised release conditions. But we vacate the alcohol-related condition and remand to the district court for further proceedings not inconsistent with this opinion.

_____