# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2316
_____

United States of America

*Plaintiff - Appellee*

v.

Mario Darnell Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 8, 2020
Filed: April 13, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Mario Smith appeals after the district court revoked his supervised release and sentenced him to 6 months in prison and 36 months of supervised release, with a special condition prohibiting him from gambling.

Smith argues on appeal that the district court had no authority to revoke supervised release on Counts 2 and 4 because those supervised release terms had expired; that the 36-month term of supervised release imposed on Count 5 exceeded the statutory maximum; and that the gambling restriction was unjustified, limits his ability to socialize, and restricts his occupation because he uses gambling as a source of income. The government concedes that the additional supervised release imposed on Counts 2 and 4 was improper--as those supervised release terms had expired when the violations occurred--and that the term imposed on Count 5 was longer than was permissible. The government argues, however, that the errors were harmless because Smith received a concurrent 36-month term on Count 1; and recommends amendment of the judgment to reflect no supervised release term on Counts 2 and 4, and a 30-month term on Count 5. See 18 U.S.C. § 3583(b)(2) (maximum authorized term of supervised release for Class D felony is 3 years), (h) (when court revokes supervised release and sentences defendant to prison term followed by additional term of supervised release, length of such term of supervised release shall not exceed statutorily authorized supervised-release term for offense of conviction, less any revocation prison terms). We agree that amendment of the judgment is proper.

As to the gambling restriction, we conclude, after careful review of the record, that the district court did not plainly err. See United States v. Carlson, 406 F.3d 529, 531 (8th Cir. 2005) (review of sentencing judge's imposition of special condition of supervised release is generally for abuse of discretion, but is for plain error when defendant fails to object). While the district court did not explain why it was imposing the restriction, the Probation Office indicated, without objection, that Smith had been banned from several casinos. See United States v. Bell, 915 F.3d 574, 577 (8th Cir. 2019) (district court must make individualized inquiry into facts and circumstances of case before imposing special condition of supervised release; special condition need not be vacated if its basis can be discerned from record, even in absence of individualized findings); United States v. Silvious, 512 F.3d 364, 371 (7th Cir. 2008) (recognizing as overbroad and arbitrary certain special conditions of

supervised release, including ban on gambling where there was no evidence that defendant had gambling problem, but finding no plain error because there was no showing that conditions affected defendant's substantial rights, and conditions were readily modifiable at defendant's request).

Accordingly, we affirm as to the imposition of the gambling restriction; and we remand with instructions for the district court to amend the judgment to reflect no additional term of supervised release on Counts 2 and 4, and a 30-month term of supervised release on Count 5.


KELLY, Circuit Judge, concurring in part and dissenting in part.

I agree that the district court's judgment should be amended to reflect the correct term of supervised release on Count 5 and no additional term of supervised release on Counts 2 and 4. However, in my view, it was plain error to impose the gambling restriction without an individualized inquiry to ensure the condition comported with the law. See United States v. Carlson, 406 F.3d 529, 531 (8th Cir. 2005) ("When a defendant fails to object to [a] special condition at sentencing, [] we review for plain error."). On this point, I respectfully dissent.

Any condition of supervised release must "1) be reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) be consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Bell, 915 F.3d 574, 577 (8th Cir. 2019) (cleaned up). Moreover, the sentencing court "must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." Id. A

-3-

special condition need not be vacated if "its basis can be discerned from the record, even in the absence of individualized findings." <u>Id.</u>

Without explanation, the district court imposed a condition that Smith not engage "in any form of gambling, including but not limited to, lotteries, online wagering, sports bettering," or enter "any casino or other establishment where gaming in the primary purpose." Yet the only place in the record where casinos or gambling is mentioned is in the probation officer's confidential, undisclosed sentencing recommendation submitted to the court. In that document, the officer simply alleged, without elaboration, that Smith had been banned from several casinos. But the record is otherwise silent on the issue, and there is no indication the parties were privy to this confidential document or otherwise had notice of the probation officer's concerns. And while Smith was ordered to pay $1,300 in restitution when he was originally sentenced, there is no indication that he is not current on his restitution payments. On this record, I can discern no apparent connection between gambling and Smith's offenses, supervised release violations, or criminal history, and I would therefore vacate the condition.[1] <u>See</u> <u>United States v. Robertson</u>, 948 F.3d 912, 920 (8th Cir. 2020) (finding plain error "because the district court did not explain its basis for the [alcohol-restriction] condition, Robertson's offense did not involve alcohol, and the record [did] not show that Robertson was alcohol or drug dependent").

———————————————

[1]My views are based on the record as of the revocation proceedings that resulted in the June 6, 2019 Judgment, which is the subject of this appeal, and not on any later developments.

-4-