# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2022

Lyle W. Cayce
Clerk

No. 21-50526

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Earl Henderson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-257-1

Before Wiener, Graves, and Duncan, *Circuit Judges*.

Wiener, *Circuit Judge*:

Defendant-Appellant Michael Earl Henderson challenges a condition of his supervised release. We conclude that the district court did not plainly err when it imposed that condition, so we must affirm.

## I. Background

The district court convicted Henderson in 2018 of possession with intent to distribute a quantity of cocaine base. His sentence included a three-year period of supervised release. In June 2021, after Henderson violated the terms of his supervised release, the district court sentenced him to a new

No. 21-50526

term of 21 month's imprisonment to be followed by a two-year period of supervised release. The conditions of this new period of supervised release included "all Mandatory and Standard conditions approved for the Western District of Texas and all conditions previously imposed and not yet completed." Henderson timely appealed.

At issue on appeal is one of the conditions of Henderson's original period of supervised release, *viz*, a risk-notification provision, which Henderson concedes is a standard condition "contained in a standing order in the Western District of Texas." It provides that:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

Henderson did not object to this condition when it was imposed. He claims for the first time on appeal, however, that the district court improperly delegated "the imposition of the [risk-notification] condition" to the probation officer. He explains that, as worded, the "condition grants the probation officer sole authority to decide whether Henderson poses a risk to another person and, if so, whether he must notify the person of that risk."

## II. Standard of Review

"When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court."[1] "If he had [the opportunity

---

[1] *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (citing *United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir. 2020) (en banc)).

No. 21-50526

to object to the condition before the district court] but failed to do so, we review for plain error."[2] "If he did not have the opportunity, we review for abuse of discretion."[3]

During oral argument before this panel, Henderson's appellate counsel[4] confirmed that Henderson was aware of the subject condition prior to the instant sentencing because, as noted, it was a term of his original supervised release. Henderson's appellate counsel also confirmed that the district court had afforded Henderson an opportunity to object to that condition. This means that, as Henderson concedes, we review the district court's imposition of the subject condition for plain error. Henderson's concession that plain error review applies is telling, but it is not determinative.[5]

"To establish plain error, [Henderson] must show that (1) the district court erred; (2) the error was clear and obvious; and (3) the error affected his substantial rights."[6] "Should he make such showings, we would have the

---

[2] *Id.* (citing *Diggles*, 957 F.3d at 559; FED. R. CRIM. P. 52(b)).

[3] *Id.* (citing *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018); *Diggles*, 957 F.3d at 559).

[4] An attorney from the office of the Federal Public Defender for the Western District of Texas represented Henderson during his revocation proceedings, and another attorney from that office represented him on appeal.

[5] *See United States v. Valle-Ramirez*, 908 F.3d 981, 985 n.5 (5th Cir. 2018) ("[N]o party has the power to *control* our standard of review. A reviewing court may reject both parties' approach to the standard." (emphasis in original) (quoting *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc)).

[6] *United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

No. 21-50526

discretion to correct the error if a failure to do so would seriously affect the fairness, integrity, or public reputation of the proceeding."[7]

### III. Analysis

As noted, Henderson claims that, in his case, the risk-notification condition impermissibly delegates Article III power to the probation officer. "While probation officers have broad power 'to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court,' those powers are limited by Article III of the United States Constitution."[8] "The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated."[9] A district court is, of course, free to "delegate to a probation officer" decisions regarding the details of a condition.[10] But the sentencing court may not delegate to the probation officer the authority to determine *whether* such condition applies.[11]

As Henderson acknowledges, we have already held—albeit in the unpublished opinion of *United States v. Johnson*[12]—that a district court does not commit plain error when it imposes this particular condition. And Henderson offers no reason for us to think that his case can be distinguished from *Johnson*. "[B]ecause we have not yet addressed [the merits of] . . .

---

[7] *Id.* (citing *Puckett*, 556 U.S. at 135).

[8] *United States v. Franklin*, 838 F.3d 564, 567–68 (5th Cir. 2016) (quoting *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995)).

[9] *Id.* at 568 (quoting *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016) (unpublished) (internal quotation marks omitted)).

[10] *Id.* (quoting *Lomas*, 643 F. App'x at 324).

[11] *See id.*

[12] 777 F. App'x 754, 754 (5th Cir. 2019) (unpublished).

No. 21-50526

whether the instant notification condition constitutes an improper delegation of judicial authority," the district court's error, if any, was neither clear nor obvious.[13] There thus can be no plain error here.

Affirmed.

---

[13] *Id.*; *see United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam) ("We ordinarily do not find plain error when we have not previously addressed an issue." (cleaned up) (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009))). Other circuits that have reached the issue appear to be split on whether such a delegation is impermissible. *See, e.g.*, *United States v. Cabral*, 926 F.3d 687, 691, 697–99 (10th Cir. 2019) (finding that a similar condition constituted an impermissible delegation); *United States v. Robertson*, 948 F.3d 912, 919 (8th Cir. 2020) (finding that a similar condition did not constitute an impermissible delegation, though basing its conclusion on the fact that "nothing in the record . . . show[ed that] the district court disclaimed ultimate authority over [the defendant's] supervision").