# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 21-20248
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Artee Clark,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-475-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Artee Clark has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Clark has not filed a response. We have reviewed counsel's brief and the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

Specifically as to the risk-notification condition[1] included in the judgment as part of Clark's conditions of supervised release, the fact that Clark did not object at sentencing renders plain-error review the proper standard. And any argument that imposing such a condition is plain error is foreclosed by our decisions in *United States v. Henderson*, 29 F.4th 273, 276 (5th Cir. 2022) (finding no plain error in imposing an identical risk-notification condition), and *United States v. Mejia-Banegas*, — F.4th —, 2022 U.S. App. LEXIS 11350, at *3 (5th Cir. Apr. 26, 2022) ("We conclude that the district court committed no error, plain or otherwise, by imposing the risk-notification condition."). Therefore, no nonfrivolous grounds for appeal exist here.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

[1] That condition states: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk."