# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 21-50549
consolidated with
No. 21-50555
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo Alvarado-Arredondo,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-54-1
USDC No. 4:21-CR-3-1

_____

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Alfredo Alvarado-Arredondo pleaded guilty to entry after deportation and was sentenced to 16 months of imprisonment and one year of supervised

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50549
c/w No. 21-50555

release.  The district court also revoked Alvarado-Arredondo's supervised release from a prior conviction for conspiracy to bring non-citizens into the United States and sentenced him to 10 months in prison, to be served consecutive to the sentence discussed above.  The district court imposed no supervised release as part of the revocation sentence. We consolidated the appeals of the cases.[1]

The sole issue on appeal is a challenge to a condition of supervised release providing that if his probation officer determines that Alvarado-Arredondo poses a risk to another person, the officer may require him to notify that person of the risk. Alvarado-Arredondo argues that the district court plainly erred in imposing this condition because it constitutes an impermissible delegation of judicial authority.  We review for plain error because Alvarado-Arredondo failed to object to the condition in the district court despite having opportunity to do so.  *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).  To establish plain error, a defendant must show (1) an error (2) that is clear or obvious, and (3) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Our court has held that imposition of this condition is not plain error. *See United States v. Henderson,* 29 F.4th 273, 275-76 (5th Cir. 2022); *United States v. Mejia-Banegas*, 32 F.4th 450, 451-52 (5th Cir. 2022).

AFFIRMED.

---

[1] Alvarado-Arredondo has not briefed any issue concerning the revocation proceeding and sentence.  Thus, all issues in that appeal are deemed waived. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).