# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 21-50656

United States of America,

*Plaintiff—Appellee*,

*versus*

William Lafayette Ross,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-277-1

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:*

William Lafayette Ross was convicted via bench trial of possession with intent to distribute fifty grams or more of actual methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentenced to a total of 180 months in prison, followed by a five-year term of supervised release. Ross filed a timely notice of appeal.

Ross' court-appointed attorney, Rebecca Olla, moved to withdraw.[1] Court-appointed attorneys may move to withdraw on appeal after they conduct "a conscientious examination of" the record and determine that an appeal is "wholly frivolous." *Anders v. California*, 386 U.S. 738, 744 (1967). As required by *Anders*, Olla filed "a brief referring to anything in the record that might arguably support the appeal." *Id.* We review that brief and the record as it relates to the issues discussed therein, *United States v. Flores*, 632 F.3d 229, 234 (5th Cir. 2011), and will grant the attorney's motion if the appeal lacks any "legal points arguable on their merits" and is, therefore, "wholly frivolous." *Anders*, 386 U.S. at 744. Olla's *Anders* brief meets the relevant requirements, with one caveat.

At the time Olla filed the *Anders* brief, there was one potential nonfrivolous issue for appeal that the brief did not consider. Specifically, it did not address whether imposition of a particular condition of supervised release was an improper delegation of a core judicial function to a probation officer. *See United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017). The condition provides:

> If the probation officer determines that the defendant poses a
> risk to another person (including an organization), the
> probation officer may require the defendant to notify the
> person about the risk and the defendant shall comply with that
> instruction. The probation officer may contact the person and

---

[1] Ross was informed of this motion and of his right to respond. He has not done so.

No. 21-50656

confirm that the defendant has notified the person about the
risk.

At the time of filing, this court had not resolved whether that condition might
be an impermissible delegation. *See United States v. Johnson*, 777 F. App'x
754, 754 (5th Cir. 2019) (per curiam).

Ross had notice of the condition and an opportunity to object to it, but
he failed to do so. Thus, our review on appeal would be limited to plain error.
*United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020). We have recently
clarified that imposing conditions identical to the one imposed here is neither
plain error, *United States v. Henderson*, 29 F.4th 273, 276 (5th Cir. 2022), nor
any variety of error whatsoever. *United States v. Mejia-Banegas*, 32 F.4th 450,
452 (5th Cir. 2022) (per curiam). Thus, this condition cannot form the basis
of a non-frivolous appeal. We accordingly GRANT Olla's motion to
withdraw and, seeing no remaining non-frivolous bases for appeal,
DISMISS Ross' appeal. *See* 5th Cir. R. 42.2 (frivolous and unmeritorious
appeals).