# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2604
_____

United States of America,

*Plaintiff - Appellee*,

v.

Montgomery Lebeau,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 10, 2023
Filed: August 10, 2023

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Montgomery Lebeau was convicted by a jury of unlawful possession of a firearm as a felon. The district court[*] sentenced him to sixty months' imprisonment. Lebeau appeals the court's evidentiary rulings at trial and the determination of his

_____

[*]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

sentence. We conclude that there is no reversible error, and therefore affirm the judgment.

I.

Lebeau was charged after police officers responded to 911 emergency calls from Lebeau's girlfriend, Candace Arthur. On October 31, 2021, at approximately 3:30 p.m., Arthur placed a 911 call during a domestic dispute with Lebeau, and the dispatcher overheard an argument between the couple. Arthur was crying, and Lebeau threatened to shoot her if she did not give him a password to unlock a cell phone.

In a second 911 call placed several minutes later, Arthur identified Lebeau, provided his address, and stated that he possessed a gun. Police officers arrived at the scene and saw Lebeau outside the residence. Lebeau fled, but officers eventually apprehended him. Officers discovered a firearm on the ground near where Lebeau was arrested.

A grand jury charged Lebeau with unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Before trial, Lebeau moved *in limine* to exclude from evidence the 911 calls made by Arthur. He argued that the recordings were unfairly prejudicial because they contained references to domestic violence. The district court denied the motion.

The case proceeded to trial. The district court admitted the recordings of the 911 calls. Later in the trial, the government called Arthur to testify. Lebeau objected on the ground that her testimony would be cumulative of the 911 calls. The court permitted Arthur to testify, but instructed the government not to ask questions about domestic violence. Arthur testified that during her argument with Lebeau, she saw him possess a black handgun.

-2-

The jury found Lebeau guilty as charged. The district court sentenced Lebeau within the advisory guideline range to sixty months' imprisonment.

## II.

### A.

Lebeau first challenges the admission of the recordings of the 911 calls. Under the rules of evidence, a court may exclude relevant evidence if its probative value is "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Banks*, 43 F.4th 912, 917 (8th Cir. 2022).

The recording of the first 911 call is four minutes and fifty-five seconds long. The call begins with Arthur crying and telling Lebeau that she is bleeding. Lebeau then repeatedly yells at her to give him the "code" to unlock a cell phone. Over the course of several minutes, Lebeau continues to demand the code, insults Arthur, uses racial slurs, and threatens three times that he will shoot her in the face if she does not comply.

The district court concluded that the recording was "extraordinarily prejudicial," but observed that the question under Rule 403 involves whether the evidence is "unfairly" prejudicial. The court ultimately determined that the recording should not be excluded, because it tended to show that Lebeau possessed a firearm, and provided "the context in which the alleged possession occurred."

Lebeau argues that the calls were unfairly prejudicial because they involved domestic violence and contained inflammatory "language, threats, and disrespect." He suggests that the evidence created an unacceptable risk that the jury convicted him for being a "bad guy" rather than for possessing a firearm. He asserts that the only

relevant portions of the call were his threats to shoot Arthur, and that the recordings should have been edited to play only fifteen seconds of the communication.

While Lebeau's threats to shoot Arthur were highly probative, we are not convinced that the balance of the recording was irrelevant. The entire recording, including the threats and inflammatory language, tended to show that Lebeau's threats were not idle, and that he did indeed possess a firearm during the dispute. Arthur's frightened reaction to Lebeau's threats supports her assertion that he held a gun during the incident. Her statements that she was bleeding reinforced her assertion that Lebeau hit her with a firearm. Arthur's credibility was at issue, and the complete recording tended to corroborate her disputed testimony. Lebeau's proposal to reduce the recording to fifteen seconds would have prevented consideration of this relevant evidence of context.

Lebeau also argues that the recording of the second 911 call was unfairly prejudicial. That recording lasts two minutes and ten seconds. Arthur told the dispatcher that Lebeau threatened her, that he had a small black handgun, and that he hit her on the head with the firearm. Arthur described Lebeau and said that he chased her with the firearm. Arthur's description of the firearm was probative because it matched the firearm found near Lebeau after he was apprehended. The recording was not unfairly prejudicial, and it tended to show that Lebeau possessed a firearm during his argument with Arthur.

The district court also minimized the risk of unfair prejudice by giving a cautionary instruction to the jury about proper use of the recordings. *See United States v. Halk*, 634 F.3d 482, 488 (8th Cir. 2011). We thus conclude that the court did not abuse its discretion when it admitted the recordings of the 911 calls.

Lebeau next contends that Arthur's trial testimony should have been excluded under Rule 403 because it was needlessly cumulative of the recordings of the 911

calls. Evidence is cumulative "when it adds very little to the probative force of the other evidence and its contribution to the truth would be outweighed by its contribution to the length of the trial." *United States v. Robertson*, 948 F.3d 912, 917 (8th Cir. 2020) (internal quotation omitted). Arthur testified at trial that during her argument with Lebeau, she saw him hold a black handgun. That testimony from a live witness, subject to cross-examination, concerned the ultimate question whether Lebeau possessed a firearm. Even if Arthur's testimony was cumulative of the recordings, it was brief and did not "greatly lengthen the trial or burden the jury." *Robertson*, 948 F.3d at 917. The district court did not abuse its discretion in allowing testimony from a live witness about Lebeau's possession of a firearm.

B.

Lebeau argues that the district court committed procedural error at sentencing by failing to order his sentence to run concurrently with a potential future sentence for assault in the State of South Dakota. Lebeau did not raise this point in the district court, so we review for plain error. To establish plain error warranting relief, Lebeau must show that the district court committed an obvious error that affected his substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). The asserted legal error must be obvious, and not "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see United States v. Pazour*, 609 F.3d 950, 954 (8th Cir. 2010) (per curiam).

At the time of his sentencing in this case, Lebeau had been charged with assault in South Dakota based on the same incident with Arthur. One month later, in August 2022, he was convicted in South Dakota of "simple assault" for intentionally causing bodily injury, and sentenced to 289 days of time served. *See* S.D. Codified Laws § 22-18-1(5).

On appeal, Lebeau relies on a provision of the sentencing guidelines concerning a defendant who is subject to an "anticipated" state term of imprisonment. That section provides that when "a state term of imprisonment *is anticipated to result* from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to *the anticipated term* of imprisonment." USSG § 5G1.3(c) (emphases added). Lebeau maintains that the sentence that he ultimately received in the South Dakota assault case was an "anticipated term of imprisonment." On that basis, he contends that the district court was required to impose his federal sentence to run concurrently with the state sentence, or at least to consider this option before varying from the recommendation of the advisory guidelines.

The parties dispute whether Lebeau's term of imprisonment for the state assault offense was "anticipated." Lebeau says the state sentence was anticipated because the state assault charge was pending in state court. The government counters that any state sentence was speculative and not "anticipated," because Lebeau had not been convicted of any state offense.

We conclude that there is no plain error warranting relief, because it is not obvious under current law that Lebeau's state term of imprisonment was "anticipated." Section 5G1.3(c) does not define "anticipated," and Lebeau cites no authority from this court. He does cite a decision from the Second Circuit in which the court concluded that an "'anticipated' state sentence must . . . encompass sentences associated with state charges for relevant conduct that are pending at the time of a defendant's federal sentencing." *United States v. Olmeda*, 894 F.3d 89, 93 (2d Cir. 2018) (per curiam). A decision of the Fifth Circuit also treated a future state sentence as anticipated when state charges were pending against the federal defendant. *United States v. Looney*, 606 F. App'x 744, 748 (5th Cir. 2015) (per curiam). A later decision from the Fifth Circuit, however, found "no authority requiring the district court to apply [§ 5G1.3] when the likelihood that a future

-6-

sentence will be imposed is wholly speculative." *United States v. McCowan*, 763 F. App'x 369, 371 (5th Cir. 2019) (per curiam). More recently, that court cited its conflicting unpublished decisions, and assumed without deciding that a pending state charge makes a state sentence "anticipated." *United States v. Ochoa*, 977 F.3d 354, 356-57 (5th Cir. 2020).

Given the absence of a definition in the guidelines, and the limited authority on the issue, we think it is at least subject to reasonable dispute whether the filing of a state charge, by itself, makes a future state sentence "anticipated" within the meaning of § 5G1.3(c). The plain meaning of "anticipate" implies a likelihood: "regard as probable." *New Oxford American Dictionary* 68 (3d ed. 2010). When a criminal charge is filed in state court, however, there are many possible dispositions, including dismissal, *see* S.D. Codified Laws § 23A-8-2, acquittal, *id.* § 23A-23-1, deferred prosecution, *id.* §§ 23A-3-35, 23A-3-36, deferred imposition of sentence, *id.* §§ 23A-27-12.2, 23A-27-13, guilty plea to alternative charges, *id.* § 23A-7-9, and conviction as charged. If Lebeau had raised the issue, then a district court reasonably could have agreed with him and treated a future state sentence as "anticipated." But it is not obviously incorrect under existing law for a district court to conclude that an "anticipated" state sentence under § 5G1.3(c) requires a greater degree of likelihood than is inherent in the mere filing of a state criminal charge.

Lebeau also argues that his sentence is unreasonable under 18 U.S.C. § 3553(a). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019).

Lebeau claims that the district court did not properly weigh mitigating circumstances that he argued at sentencing, including his dysfunctional childhood, alcohol abuse, desire to seek treatment, and daughter's death. The court specifically addressed these mitigating factors, but also emphasized the aggravated nature of the offense, and the need for the sentence to reflect the seriousness of the crime and protect the public. We conclude that the court made an individualized assessment based on the facts presented, and acted within the wide latitude available to a sentencing judge who weighs the relevant factors. *See United States v. Wilcox*, 666 F.3d 1154, 1157-58 (8th Cir. 2012).

\*       \*       \*

The motion to supplement the record is granted. The judgment of the district court is affirmed.

_____