# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2022

Lyle W. Cayce
Clerk

No. 21-50459

United States of America,

*Plaintiff—Appellee*,

*versus*

Jairo Armando Mejia-Banegas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-89-1

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:

Jairo Armando Mejia-Banegas pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him to 20 months of imprisonment and one year of supervised release. The district court imposed the mandatory and standard conditions of supervised release contained in the standing order promulgated by the judges of the Western District of Texas. Included in those conditions is standard condition 12, which provides:

> If the probation officer determines that the defendant poses a
> risk to another person (including an organization), the

No. 21-50459

probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release*, https://bit.ly/3ouyWtb (last visited April 6, 2021). The Appellant contends this condition represents an improper delegation of authority to the probation officers. We disagree, and AFFIRM.

Because Mejia-Banegas did not object to the imposition of standard condition 12, and because he had notice of the condition and the opportunity to object in the district court, we review for plain error. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).

Mejia-Banegas argues that the district court plainly erred by imposing this risk-notification condition because it improperly delegates to the probation officer the authority to require him to notify people of any risk that he may pose to them. He contends that although the district court may delegate the details of a supervised release condition to the probation officer, the district court may not delegate the authority to impose the condition itself.

To show plain error, Mejia-Banegas "must show that (1) the district court erred; (2) the error was clear and obvious; and (3) the error affected his substantial rights." *United States v. Vargas¸* 21 F.4th 332, 334 (5th Cir. 2021) (citing *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009)). This court recently held that imposing the same risk-notification condition does not amount to plain error because any potential error is not clear or obvious. *United States v. Henderson*, 29 F.4th 273, 276 (5th Cir.

2022). We conclude that the district court committed no error, plain or otherwise, by imposing the risk-notification condition. *Cf. United States v. Avalos-Sanchez*, 975 F.3d 426 (5th Cir. 2020) (reviewing district court order for plain error and concluding that district court did not err at all).

In general, "[p]robation officers have power 'to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court.'" *United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (quoting *United States v. Franklin*, 838 F.3d 564, 567 (5th Cir. 2016)). Nevertheless, "a district court cannot delegate to a probation officer the 'core judicial function' of imposing a sentence, 'including the terms and conditions of supervised release.'" *Id.* (quoting *Franklin*, 838 F.3d at 568). In *United States v. Huerta*, 994 F.3d 711 (5th Cir. 2021), this court demarcated "the dividing line between" permissible and impermissible delegations of authority to probation officers by distilling two guiding principles. *Id.* at 716. First, a district court cannot surrender "'the final say' on whether to impose" a condition of supervised release to a probation officer. *Id.* at 716-17 (quoting *United States v. Medel-Guadalupe*¸ 987 F.3d 424, 431 (5th Cir. 2021)). Second, a district court cannot leave to the probation officer details of a condition involving "a significant deprivation of liberty." *Id.* at 717 (citing *Medel-Guadalupe*, 987 F.3d at 431 and *United States v. Martinez*, 987 F.3d 432, 434, 436 (5th Cir. 2021)).

The risk-notification condition does not impermissibly delegate the court's judicial authority to the probation officer. Under the risk-notification condition, the probation officer does not unilaterally decide whether the defendant is subject to the condition. Rather, the risk-notification condition only allows the probation officer to direct when, where, and to whom the defendant must give notice. *United States v. Nash*, 438 F.3d 1302, 1306 (11th Cir. 2006) (per curiam) (rejecting delegation

challenge to prior version of risk-notification condition); *United States v. Porter*, 842 F. App'x 547, 548 (11th Cir. 2021) (per curiam) (similarly rejecting delegation challenge to current version of risk-notification condition). That limited scope of authority neither leaves to the probation officer the "final say" on whether to impose a condition of supervised release nor implicates a significant deprivation of liberty. Moreover, the United States Sentencing Guidelines specifically recommend the risk-notification condition as a term of supervised release. U.S.S.G. § 5D1.3(c)(12). Indeed, for nearly thirty years, no circuit court decision challenged the validity of the risk-notification condition, a version of which was first included in the Sentencing Guidelines in 1987.[1] U.S. Sent'g Guidelines Manual§ 5B1.4(a)(13) (U.S. Sent'g Comm'n 1987). Finally, if, in practice, an overzealous probation officer used the risk-notification condition in a fashion that deprived a probationer of liberty, that person could seek relief under Federal Rule of Criminal Procedure 32.1. Thus, the district court did not err, much less plainly so, by imposing the risk-notification condition. *Cf. Nash*, 438 F.3d at 1306; *United States v. Gibson*, 998 F.3d 415, 423 (9th Cir. 2021) (holding that the current risk-notification condition "is constitutional and may be imposed in appropriate cases.").[2]

---

[1] The United States Sentencing Commission amended the recommended risk-notification condition in 2016. U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines 49 (April 28, 2016), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160428_RF.pdf (last visited April 14, 2022).

[2] *But see United States v. Boles*, 914 F.3d 95, 111-12 (2d Cir. 2019) (vacating sentence imposing current risk-notification condition and remanding to district court to clarify scope); *United States v. Cabral*, 926 F.3d 687, 697-98 (10th Cir. 2019) (rejecting current risk-notification condition because it improperly delegates power to a probation officer); *United States v. Evans*, 883 F.3d 1154, 1163-64 (9th Cir. 2018) (rejecting prior risk-notification condition as vague); *United States v. Hill*, 818 F.3de 342, 345 (7th Cir. 2016)

No. 21-50459

This appeal is one of a series of cases that have raised the same challenge to the risk-notification condition. All arise out of the Western District of Texas, and all submit virtually identical briefing.[3] The surge of cases from a single district is troubling. The Office of the Federal Public Defender, which represents every defendant in this slew of cases, did not object—not even once—in the district court to any of the now-challenged sentences imposing the risk-notification condition. This amounts to a deliberate bypass of the district courts, which should have been alerted to the issue in the regular course of sentencing proceedings. District court judges are well acquainted with the realities of probation that this recommended condition invokes, and having been apprised of the issue, could have added valuable insights to this court's appellate work. Further, on the off chance that this or similar conditions, which have been in effect for decades, have suddenly become suspect, the district judges are responsible for maintaining local rules and should have the initial opportunity to consider the synergy among various supervised release

---

(holding that prior risk-notification condition is "[h]opelessly vague"); *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015) (vacating sentence imposing prior risk-notification condition and remanding for clarification).

[3] *See, e.g.*, *United States v. Marquez-Munoz*, No. 21-51136 (5th Cir. 2021); *United States v. Almejo-Gradilla*, No. 21-51132 (5th Cir. 2021); *United States v. Amador-Guardado*, No. 21-51117 (5th Cir. 2021); *United States v. Lopez-Mendoza*, No. 21-51115 (5th Cir. 2021); *United States v. Almejo-Gradilla*, No. 21-51106 (5th Cir. 2021); *United States v. Lopez-Mendoza*, No. 21-51094 (5th Cir. 2021); *United States v. Amador-Guardado*, No. 21-51092 (5th Cir. 2021); *United States v. Lozano*, No. 21-51076 (5th Cir. 2021); *United States v. Nickerson*, No. 21-51032 (5th Cir. 2021); *United States v. Zahner*, No. 21-51009 (5th Cir. 2021); *United States v. Manriquez-Nunez*, No. 21-50968 (5th Cir. 2021); *United Sates v. Marmolejo*, No. 21-50946 (5th Cir. 2021); *United States v. Alvarado-Arrendondo*, No. 21-50555 (5th Cir. 2021); *United States v. Alvarado-Arrendondo*, No. 21-50549 (5th Cir. 2021); *United States v. Chavira-Montanez*, No. 21-50404 (5th Cir. 2021).

No. 21-50459

conditions from an administrative as well as case-specific and legal perspective.

AFFIRMED.

KING, *Circuit Judge*, concurring in the judgment:

I agree with the majority that the district court did not commit plain error in imposing a risk-notification condition in this case. I therefore concur in the judgment.

When considering a risk-notification condition identical to the one at issue here, we recently held that since "we have not yet addressed [the merits of] . . . whether the instant notification condition constitutes an improper delegation of judicial authority,' the district court's error, if any, was neither clear nor obvious" and therefore the district court could not have plainly erred. *United States v. Henderson*, 29 F.4th 273, 276 (5th Cir. 2022) (alteration in original) (quoting *United States v. Johnson*, 777 F. App'x 754, 754 (5th Cir. 2019)). That is also true here, and imposition of the selfsame condition is still not plain error.

The court thus does not need to reach the merits question to decide this case. And in light of the reasoned disagreement on its proper answer, which has already split the circuits, *see ante*, at 4 & n.2, I would wait for another day (and a different vessel that presents the issue on *de novo* review) before deciding whether the risk-notification condition is an invalid delegation of judicial power.

I respectfully concur in the judgment.