# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-51085
CONSOLIDATED WITH
No. 21-51086
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONY ALEXANDER GRANADOS-ORTEZ,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-571-1
USDC No. 4:21-CR-642-1

_____

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Rony Alexander Granados-Ortez appeals both his conviction under 8 U.S.C. § 1326(a) and (b)(1) for being found in the United States without

_____

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51085
c/w No. 21-51086

permission following removal and the revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Granados-Ortez challenges the standard condition of his supervised release which states that, if the probation officer determines that Granados-Ortez presents a risk to another person, the probation officer may require Granados-Ortez to notify the person of that risk and may contact the person to confirm that notification occurred. According to Granados-Ortez, the supervised release condition constitutes an impermissible delegation of judicial authority to the probation officer.

The Government has filed an unopposed motion for summary affirmance in which it contends that Granados-Ortez's claim is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022). In *Mejia-Banegas*, we rejected the specific argument that Granados-Ortez raises regarding the risk-notification condition. *Mejia-Banegas*, 32 F.4th at 451-52. We held that there was no error, plain or otherwise, because the condition "does not impermissibly delegate the court's judicial authority to the probation officer." *Id.* at 451-52 (quotation on 452). Accordingly, the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time is DENIED.