# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2022

Lyle W. Cayce
Clerk

No. 21-50404
CONSOLIDATED WITH
No. 21-50417
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS IVAN CHAVIRA-MONTANEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-265-1
USDC No. 4:20-CR-520-1

Before DAVIS, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Carlos Ivan Chavira-Montanez appeals his sentence for illegal reentry into the United States after having been ordered removed, in violation of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50404
c/w No. 21-50417

8 U.S.C. § 1326(a) and (b)(2), along with the revocation of the supervised release he was serving at the time of the offense.  His sole argument on appeal challenges a condition of supervised release providing that if his probation officer determines that he poses a risk to another person, the officer may require him to notify that person of the risk.  Because he does not address the validity of the revocation of his terms of supervised release or the sentences imposed upon revocation, he has abandoned any challenge to that judgment.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  The Government has filed an unopposed motion for summary affirmance, contending that this argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022).

Chavira-Montanez argues that the district court erred in imposing the risk-notification condition because it constitutes an impermissible delegation of judicial authority.  However, we recently rejected this same argument in *Mejia-Banegas* and found that the district court did not err, plainly or otherwise, by imposing the same condition.  32 F.4th at 451-52.

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.