# United States Court of Appeals for the Fifth Circuit

No. 21-51032
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REITAY NICKERSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-161-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Reitay Nickerson pleaded guilty to possession of a firearm after a felony conviction and timely appealed. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51032

Relying on *United States v. Lopez*, 514 U.S. 549 (1995), and on *Jones v. United States*, 529 U.S. 848 (2000), Nickerson argues that 18 U.S.C. § 922(g)(1), the statute of conviction, exceeds the scope of Congress's power under the Commerce Clause and is thus unconstitutional. He correctly concedes that his claim is foreclosed by circuit precedent. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 498-99 (5th Cir. 1999); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996). Nickerson raises the issue here to preserve it for further review.

For the first time on appeal, Nickerson challenges the condition of his supervised release which states that, if the probation officer determines that Nickerson presents a risk to another person, the probation officer may require Nickerson to notify the person of that risk and may contact the person to confirm that notification occurred. According to Nickerson, this supervised-release condition constitutes an impermissible delegation of judicial authority to the probation officer. As the Government contends, Nickerson's argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450, 451-52 (5th Cir. 2022), in which we held that imposing the risk-notification condition was not error, plain or otherwise, because the condition does not constitute an impermissible delegation of judicial authority.

Summary affirmance is proper where, as here, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's unopposed motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED. The district court's judgment is AFFIRMED.