# United States Court of Appeals for the Fifth Circuit

No. 21-51092
consolidated with
No. 21-51117

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Angel Amador-Guardado,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-569
USDC No. 4:21-CR-747

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Miguel Angel Amador-Guardado pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326, and the district court sentenced him to sixteen

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51092
c/w No. 21-51117

months of imprisonment and three years of supervised release. Amador-Guardado's sole challenge on appeal argues the district court plainly erred by imposing a condition of supervised release that impermissibly delegates judicial authority.[1] Critically, however, the United States has filed an unopposed motion for summary affirmance that suggests this argument is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022).

The United States is correct. *Mejia-Banegas* rejected the exact argument urged by Amador-Guardado. *Id.* at 451–52. In no uncertain terms, we stated that "[t]he risk-notification condition does not impermissibly delegate the court's judicial authority to the probation officer." *Id.* at 452. Our holding in *Mejia-Banegas* thus carries equal force here: "the district court did not err, much less plainly so, by imposing the risk-notification condition." *Id.*

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the United States' motion for summary affirmance is GRANTED, the United States' alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments[2] are AFFIRMED.

---

[1] Specifically, the challenged condition (also known as "Standard Condition 12") allows the probation officer to determine whether Amador-Guardado poses a risk to another person and, if so, require notification to that person. *See generally* U.S. Sent'g Guidelines Manual § 5D1.3(c)(12).

[2] The consolidated appeal is from an order revoking another term of supervised release and imposing a consecutive term of imprisonment. But Amador-Guardado has not briefed (and therefore abandoned) any challenge to this judgment. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also, e.g.*, *Clarkson v. Vannoy*, No. 16-31098, 2017 WL 6947729, at *1 (5th Cir. Aug. 2, 2017). No further discussion of this issue is therefore merited.