# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-51106
CONSOLIDATED WITH
No. 21-51132

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR MANUEL ALMEJO-GRADILLA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-741-1
USDC No. 4:21-CR-538-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Victor Manuel Almejo-Gradilla pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326, and the district court sentenced him to twenty-four months of imprisonment and three years of supervised release. Almejo-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51106
c/w No. 21-51132

Gradilla's sole challenge on appeal argues the district court plainly erred by imposing a condition of supervised release that impermissibly delegates judicial authority.[1] Critically, however, the United States has filed an unopposed motion for summary affirmance that suggests this argument is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022).

The United States is correct. *Mejia-Banegas* rejected the exact argument urged by Almejo-Gradilla. *Id.* at 451–52. In no uncertain terms, we stated that "[t]he risk-notification condition does not impermissibly delegate the court's judicial authority to the probation officer." *Id.* at 452. Our holding in *Mejia-Banegas* thus carries equal force here: "the district court did not err, much less plainly so, by imposing the risk-notification condition." *Id.*

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the United States' motion for summary affirmance is GRANTED, the United States' alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments[2] are AFFIRMED.

---

[1] Specifically, the challenged condition (also known as "Standard Condition 12") allows the probation officer to determine whether Almejo-Gradilla poses a risk to another person and, if so, require notification to that person. *See generally* U.S. SENT'G GUIDELINES MANUAL § 5D1.3(c)(12).

[2] The consolidated appeal is from an order revoking another term of supervised release and imposing concurrent terms of imprisonment. But Almejo-Gradilla has not briefed (and therefore abandoned) any challenge to this judgment. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also, e.g.*, *Clarkson v. Vannoy*, No. 16-31098, 2017 WL 6947729, at *1 (5th Cir. Aug. 2, 2017). No discussion of this issue is therefore merited.