# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 21-50651
CONSOLIDATED WITH
No. 21-50658
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO OSORIO-MENDEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-456-1
USDC No. 4:21-CR-146-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Antonio Osorio-Mendez appeals his sentence for illegal reentry as well as the resulting revocation of supervised release and the revocation

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50651
c/w No. 21-50658

sentence. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Osorio-Mendez challenges a standard condition of the supervised release imposed as part of the illegal reentry sentence. The challenged condition states that, if the probation officer determines that Osorio-Mendez presents a risk to another person, the probation officer may require Osorio-Mendez to notify the person of that risk and may contact the person to confirm that notification occurred. According to Osorio-Mendez, the supervised release condition constitutes an impermissible delegation of judicial authority to the probation officer. The Government requested and received a stay in these proceedings pending the issuance of the mandates in several cases addressing the same issue presented by Osorio-Mendez in the instant appeal. The Government has now filed an unopposed motion to lift the stay and for summary affirmance. The motion to lift the stay is GRANTED.

The Government contends that Osorio-Mendez's claim is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022). In *Mejia-Banegas*, we rejected the specific argument that Osorio-Mendez raises regarding the risk-notification condition. *Mejia-Banegas*, 32 F.4th at 451-52. We held that there was no error, plain or otherwise, because the condition "does not impermissibly delegate the court's judicial authority to the probation officer." *Id.* at 451-52 (quotation at 452). Accordingly, the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the district court's judgment and order revoking supervised release are AFFIRMED.

2