# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2022

Lyle W. Cayce
Clerk

No. 21-50946
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Marmolejo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 6:20-CR-65-3

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Daniel Marmolejo pleaded guilty of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). He was sentenced, within the guidelines range, to 188 months of imprisonment and five years of supervised

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release ("SR"). He appeals his sentence, claiming that the district court clearly erred by denying him a two-level minor role reduction under U.S.S.G. § 3B1.2(b). Marmolejo also challenges one of the conditions of his SR, asserting that the provision impermissibly delegated authority to the probation officer to determine whether Marmolejo poses a risk to people and to require him to notify them.

Marmolejo preserved his argument regarding the minor-role reduction by raising it in the district court. "For properly preserved claims, this court reviews the district court's interpretation and application of the Sentencing Guidelines de novo" and its "findings of fact and its application of the Sentencing Guidelines to those findings of fact . . . for clear error." *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual question reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

A defendant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," is eligible for a two-level decrease under § 3B1.2(b). § 3B1.2, comment. (n.5). "[T]o qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018) (internal quotation marks and citation omitted). The defendant has the burden of demonstrating, by a preponderance of the evidence, that an adjustment was warranted. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). He is required to show "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *Id.* at 613.

The record reflects that Marmolejo independently attempted to plan a drug deal with an undercover officer and that he was found with signifi-

cantly more methamphetamine than were five of his codefendants. Accordingly, he has not shown that he was substantially less culpable than the average participant. *See id.* Viewed in light of the record as a whole, the district court's finding that Marmolejo was an average, not minor, participant was plausible, and therefore the court did not commit clear error. *See Gomez-Valle*, 828 F.3d at 327.

Marmolejo's challenge to the risk-delegation condition is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022), in which we rejected the same theory and held that the district court did not err, plainly or otherwise, by imposing the same risk-notification condition.

The judgment is AFFIRMED.