# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2022

No. 21-40586
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAULITA GALLEGOS ROBLEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-862-2

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Paulita Gallegos Roblez pleaded guilty to importation of methamphetamine and heroin and was sentenced within the advisory guidelines range to 168 months of imprisonment and three years of supervised release. On appeal, Roblez argues that the written judgment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conflicts with the oral pronouncement because the district court did not pronounce conditions of supervised release ordering her to undergo substance abuse testing, follow instructions of prescription medication, and refrain from possessing or using psychoactive substances. Additionally, she challenges a supervised release condition that states, "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk."

As to the first issue, we pretermit the question of the proper standard of review because Roblez cannot succeed under either standard. *See United States v. Pursley*, 22 F.4th 586, 591 (5th Cir. 2022); *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). A defendant's due process right to be present at sentencing requires the district court to orally pronounce any discretionary condition of supervised release that is not required by 18 U.S.C. § 3583(d). *United States v. Diggles*, 957 F.3d 551, 557-59 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). A conflict occurs when an unpronounced discretionary condition is included in the judgment, in which case the oral pronouncement controls, and the written judgment must be amended accordingly. *See Grogan*, 977 F.3d at 352; *Diggles*, 957 F.3d at 559, 563. In light of Roblez's history of substance abuse and the district court's oral pronouncement of a supervised release condition that required Roblez to participate in substance and alcohol abuse treatment, the disputed conditions did not conflict with the oral pronouncement of sentence. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002).

Because Roblez had advance notice of the risk notification condition, we review her challenge to it for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022); *Grogan*, 977 F.3d at 352. We have held that the imposition of similar risk notification conditions does not constitute clear or obvious error. *Mejia-Banegas*, 32 F.4th at 451 (no error);

No. 21-40586

*United States v. Henderson*, 29 F.4th 273, 276 (5th Cir. 2022) (no clear error); *see also United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017).

AFFIRMED.