# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50060
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jerry Ornelas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-244-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jerry Ornelas pleaded guilty to possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possessing a firearm in furtherance of that offense, in violation of 18 U.S.C. § 924(c). The district court sentenced him to consecutive imprisonment terms of 87 months on the drug possession and 60 months on the firearm

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

possession, to be followed by concurrent five-year terms of supervised release.

For the first time on appeal, Ornelas challenges the condition of his supervised release which provides that, if the probation officer determines that Ornelas presents a risk to another person, the probation officer may require Ornelas to notify the person of that risk and may contact the person to confirm that notification occurred. Ornelas contends that this condition constitutes an impermissible delegation of judicial authority to the probation officer. He concedes that this argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Ornelas's claim is foreclosed by *Mejia-Banegas*.

In *Mejia-Banegas*, we held that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. The parties are thus correct that the issue is foreclosed, and the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.