# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50685
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Edward Krupalla,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-3-1

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Charles Edward Krupalla pleaded guilty to possessing a firearm as a felon. He was sentenced to 65 months of imprisonment and three years of supervised release.

For the first time on appeal, Krupalla challenges the condition of his supervised release which provides that, if the probation officer determines

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50685

that Krupalla presents a risk to another person, the probation officer may require Krupalla to notify the person of that risk and may contact the person to confirm that notification occurred. Krupalla contends that this condition constitutes an improper delegation of judicial authority to the probation officer. He concedes that his argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Krupalla's claim is foreclosed by *Mejia-Banegas*.

We held in *Mejia-Banegas* that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. The parties are thus correct that the issue is foreclosed, and the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.

2