# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50512
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roman Alvarado, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-22-1

———————————————————

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Ramon Alvarado, Jr., pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced him to 180 months of imprisonment and five years of supervised release.

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50512

For the first time on appeal, Alvarado challenges the condition of his supervised release which provides that, if the probation officer determines that Alvarado presents a risk to another person, the probation officer may require Alvarado to notify the person of that risk and may contact the person to confirm that notification occurred. Alvarado contends that this condition constitutes an improper delegation of judicial authority to the probation officer. He concedes that his argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Alvarado's claim is foreclosed by *Mejia-Banegas*. In the alternative, the Government requests an extension of time to file its brief.

We held in *Mejia-Banegas* that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. The parties are thus correct that the issue is foreclosed, and the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, the district court's judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED.