# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50724
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sostenes Omar Mendoza-Ponce,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-56-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Sostenes Omar Mendoza-Ponce pleaded guilty to two counts of conspiring to transport and harbor aliens, in violation of 8 U.S.C. § 1324, and was sentenced to 37 months of imprisonment to be followed by a three-year term of supervised release.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50724

For the first time on appeal, Mendoza-Ponce challenges the condition of his supervised release which provides that, if the probation officer determines that Mendoza-Ponce presents a risk to another person, the probation officer may require Mendoza-Ponce to notify the person of that risk and may contact the person to confirm that notification occurred. Mendoza-Ponce contends that this condition constitutes an improper delegation of judicial authority to the probation officer. He concedes that his argument is foreclosed by our recent decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Mendoza-Ponce's claim is foreclosed by *Mejia-Banegas*.

We held in *Mejia-Banegas* that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. The parties are thus correct that the issue is foreclosed, and the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.