# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-51014
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Paul Lopez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-107-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

John Paul Lopez pleaded guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (count one) and one count of possession of a firearm in furtherance of a drug trafficking crime (count two). *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to consecutive sentences of 188 months of imprisonment on

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51014

count one and 60 months of imprisonment on count two. The district court imposed a four-year term of supervised release on count one, to run concurrently with a three-year term of supervised release on count two.

Lopez challenges the condition of his supervised release that provides that, if the probation officer determines that Lopez presents a risk to another person, the probation officer may require Lopez to notify the person of that risk and may contact the person to confirm that notification occurred. While Lopez challenged this condition of supervised release at sentencing, he challenged it as unconstitutionally vague. He now argues that this condition constitutes an improper delegation of judicial authority to the probation officer. He concedes that his argument is foreclosed by our decision in *United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Lopez's claim is foreclosed by *Mejia-Banegas*. In the alternative, the Government requests an extension of time to file its brief.

We held in *Mejia-Banegas* that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. The parties are thus correct that the issue is foreclosed, and the Government is correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, the district court's judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED.