# United States Court of Appeals for the Fifth Circuit

---

No. 23-50103
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas Austin Dickey, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-43-1

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Thomas Austin Dickey, III, appeals the sentence imposed following the revocation of his supervised release. Dickey challenges the imposition of two conditions of supervised release that he contends impermissibly delegate judicial authority. He argues that the district court delegated its authority to a therapist to impose lifestyle restrictions and delegated its authority to the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

probation officer to determine whether Dickey poses a risk to another person and to require him to notify that person.

Because Dickey failed to object to these supervised release conditions in the district court, we review for plain error only. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022). To succeed on plain error review, Dickey must demonstrate, among other things, that "(1) the district court erred; (2) the error was clear and obvious; and (3) the error affected his substantial rights." *Id.* (internal quotation marks and citation omitted).

Dickey's challenge to the risk notification condition is foreclosed by *Mejia-Banegas*, 32 F.4th at 452, where we rejected the same argument and held that the district court did not err, plainly or otherwise, by imposing the same risk notification condition. However, his challenge to the lifestyle restrictions condition warrants a different result. The condition states the following:

> The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

This condition suffers from the same defect that existed in identical conditions we have repeatedly rejected even on plain error review. *See United States v. Morin*, 832 F.3d 513, 516-18 (5th Cir. 2016); *see also United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017); *United States v. Huor*, 852 F.3d 392, 403 (5th Cir. 2017). Accordingly, Dickey meets the standard for vacatur under plain error review, and we again exercise our discretion on plain error review to correct this unlawful delegation of sentencing authority and vacate the condition.

No. 23-50103

Accordingly, the judgment of the district court is AFFIRMED except for the lifestyle restrictions condition, which is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. The Government's motions to vacate the lifestyle restrictions condition, otherwise summarily affirm the judgment, and alternatively extend the time to file its brief are DENIED as moot.