# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50521
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Meza Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-35-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Jesus Meza Hernandez appeals his sentence of 37 months of imprisonment and three years of supervised release imposed after he pled guilty to conspiracy to possess with intent to distribute fentanyl. His sole challenge now is to a condition of his supervised release. Under that condition, if his probation officer determines Hernandez poses a risk to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

No. 23-50521

another person, the officer may require Hernandez to notify that person of the risk. Hernandez argues for the first time on appeal that the district court erred in imposing this condition because it constitutes an impermissible delegation of judicial authority.

Hernandez properly concedes that this issue is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022). He raises the issue to preserve it for further review. The Government has moved without opposition for summary affirmance, or in the alternative, for an extension of time to file a brief on the merits.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's unopposed motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.