# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50957
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO ANGEL PUGA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-1359-1

———————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Fernando Angel Puga was convicted by a jury of (1) kidnapping, (2) carjacking resulting in serious bodily injury, and (3) transportation of a stolen vehicle in interstate commerce. He was sentenced to a total of 372 months' imprisonment and five years' supervised release. Puga contends that the district court erred in imposing a standard supervised

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

release condition that impermissibly delegates to the probation officer the authority to require him to notify people of any risk he may pose to them. However, Puga concedes that the issue is foreclosed by this court's precedent. *See United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022). The Government moves for summary affirmance for that reason. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the written judgment states that Puga was convicted by a jury on counts one, two, and three—and identifies the offenses charged in counts one and two—it does not identify the offense charged in count three. We therefore remand the case for the limited purpose of correcting the judgment under Federal Rule of Criminal Procedure 36 to reflect that Puga was convicted of transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, as charged in count three of the indictment. *See United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020); *United States v. Mackay*, 757 F.3d 195, 199–200 (5th Cir. 2014).

The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file its brief is DENIED as moot. We REMAND for the limited purpose of correcting the judgment under Rule 36 to reflect that Puga was convicted of transportation of a stolen vehicle in interstate commerce as charged in count three of the indictment.