# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50681
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Montanez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-65-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

David Montanez pleaded guilty to possessing with intent to distribute fentanyl.  21 U.S.C. § 841(a)(1), (b)(1)(C).  He was sentenced to 137 months of imprisonment and three years of supervised release.

For the first time on appeal, Montanez challenges the condition of his supervised release providing that if the probation officer determines that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50681

Montanez poses a risk to another person, the officer may require him to notify that person of the risk (i.e., the risk-notification condition). Montanez contends that this condition improperly delegates judicial authority to the probation officer. He concedes that his argument is foreclosed by our decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Montanez's claim is foreclosed by *Mejia-Banegas.*

We held in *Mejia-Banegas* that such a risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise. 32 F.4th at 451-52. Thus, the issue is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as moot.