# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50379
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaime Guillermo Martinez-Corral,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:25-CR-103-1

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jaime Guillermo Martinez-Corral appeals the sentence of 14 months of imprisonment and one year of supervised release imposed after he pleaded guilty to illegal reentry. For the first time on appeal, he challenges the condition of his supervised release providing that if the probation officer determines that he poses a risk to another person, the officer may require him

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to notify that person of the risk.  Martinez-Corral contends that the condition improperly delegates judicial authority to the probation officer.  He concedes this argument is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022), and the Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

In *Mejia-Banegas*, we held that the same risk-notification condition did not impermissibly delegate judicial authority, plainly or otherwise.  32 F.4th at 451-52.  Accordingly, the issue is foreclosed, and summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.